# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) No. 10 CR 608-4 |
| | ) |
| RAMON CALDERON, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Ramon Calderon's (Calderon) post-trial motions. For the reasons stated below, the motions are denied.

## BACKGROUND

On April 16, 2012, a jury trial began for Calderon. On April 26, 2012, Calderon was found guilty by a jury on Counts One and Two of the Superseding Indictment. Count One charged Calderon with conspiracy to possess with intent to distribute a controlled substance, and Count Two charged Calderon with attempt to possess with intent to distribute a controlled substance. Calderon now moves for a judgment of acquittal, and requests in the alternative a new trial.

## LEGAL STANDARD

A defendant in a criminal case who has been found guilty by a jury may move for a judgment of acquittal under Federal Rule of Criminal Procedure 29(c) (Rule 29(c)). Fed. R. Crim. P. 29(c). If the defendant is challenging the sufficiency of the evidence presented at trial, the court must "consider the evidence in the light most favorable to the prosecution, drawing all reasonable inferences in the government's favor," and a "[r]eversal is appropriate only when, after viewing the evidence in such a manner, no rational jury 'could have found the defendant to have committed the essential elements of the crime.'" *United States v. Macari*, 453 F.3d 926, 936 (7th Cir. 2006)(quoting *United States v. Masten,* 170 F.3d 790, 794 (7th Cir. 1999)); *see also United States v. Moses*, 513 F.3d 727, 733 (7th Cir. 2008)(stating that "[a] district court should grant a motion for a judgment of acquittal only when there is insufficient evidence to sustain a conviction"); *United States v. Pree*, 408 F.3d 855, 865 (7th Cir. 2005)(stating that a motion for acquittal should be granted "only if, viewing the evidence in the light most favorable to the Government, no rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt").

A court may provide a defendant found guilty of a crime by a jury with a new trial under Federal Rule of Criminal Procedure 33(a) (Rule 33(a)) "if the interest of justice so requires." Fed. R. Crim. P. 33(a). The decision of whether a new trial is warranted is "committed 'to the sound discretion of the trial judge.'" *United States v. Gillaum*, 372 F.3d 848, 857-58 (7th Cir. 2004)(quoting *United States v. Woolfolk,*

197 F.3d 900, 904 (7th Cir. 1999)). In determining whether to grant a new trial, a court should exercise "great caution" and be "wary of second guessing the determinations of the . . . jury." *Id.* (internal quotations omitted)(quoting *United States v. DePriest*, 6 F.3d 1201, 1216 (7th Cir. 1993)); *see also United States v. Van Eyl*, 468 F.3d 428, 436 (7th Cir. 2006)(stating that "[a] defendant is entitled to a new trial if there is a reasonable possibility that a trial error had a prejudicial effect upon the jury's verdict").

## DISCUSSION

I.  Sufficiency of the Evidence

Calderon argues that there was not sufficient evidence to show that he was a member in the conspiracy charged in Count One, that he had knowledge of the actual deal for a controlled substance that the other alleged conspirators attempted to consummate on July 18, 2010, or that he knowingly attempted to possess with intent to distribute the controlled substances that were charged in Count Two. The Seventh Circuit has stated that "[a] defendant who challenges the sufficiency of the evidence faces a nearly insurmountable hurdle [in that] [the Court] consider[s] the evidence in the light most favorable to the Government, defer[s] to the credibility determination of the jury, and overturn[s] a verdict only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt." *United States v. Gougis*, 432 F.3d 735, 743-44 (7th Cir.

2005)(internal quotations omitted)(quoting *United States v. Jackson*, 177 F.3d 628, 630 (7th Cir. 1999)).

Calderon contends that the jury's verdict with respect to him was based solely on speculation. The Government was not required to present evidence that Calderon was personally involved in every aspect of the conspiracy, or that Calderon was expressly informed of all aspects of it. *See, e.g., United States v. Haynes*, 582 F.3d 686, 701 (7th Cir. 2009)(stating that for a conspiracy claim that "coconspirators need not participate in every aspect of the scheme"). Nor is the Government required to present direct evidence to establish every element of an offense. The Seventh Circuit has held that "a jury's verdict may rest solely upon circumstantial evidence." *United States v. Galati*, 230 F.3d 254, 258 (7th Cir. 2000)(internal quotations omitted)(quoting *United States v. Robinson*, 177 F.3d 643, 648 (7th Cir. 1999))(indicating in addition that "[s]tanding alone, the circumstantial evidence the government presented in th[e] case provides ample support for the jury's finding of guilt"); *see also United States v. Sloan*, 492 F.3d 884, 891 (7th Cir. 2007)(stating that "specific intent to defraud may be shown . . . by circumstantial evidence and inferences drawn from the scheme itself").

In this case, the Government presented ample evidence showing Calderon's participation in the conspiracy and the attempted drug purchase on July 18, 2010. The Government presented evidence at trial that Calderon provided $100,000 to Jorge Vasquez (Vasquez) that was to be used to purchase cocaine during the failed

drug transaction that occurred on July 18, 2010. Among other evidence, the Government presented recorded conversations between Calderon and two confidential informants that occurred in March 2011, in which Calderon discusses giving $100,000 to Vasquez, loaning Vasquez his car, Vasquez's arrest, and Calderon's filing of a false police report indicating that his car stolen. In addition, among other evidence, the Government presented evidence that when Vasquez was caught on July 18, 2010, he had Calderon's car keys in his possession, and that Calderon's car and some of Calderon's other personal effects were eventually recovered from Jose Covarrubias' garage. Thus, based on the evidence presented during the trial, a rational jury could convict Calderon on Counts One and Two of the Superseding Indictment.

In addition, to the extent that Calderon seeks to challenge the credibility determinations by the jury regarding witnesses, this court's role in ruling on post-trial motions is not to second-guess the jury's credibility determinations. *Galati*, 230 F.3d at 258 (stating that "[i]n assessing the sufficiency of the evidence, the court will not re-weigh the evidence or judge the credibility of witnesses" and "[a]s long as there is a reasonable basis in the record for the jury's verdict, it must stand"). Finally, Calderon has not shown that the evidence was deficient in any manner that would warrant a new trial in the interest of justice.

II. Presence at Trial

Calderon argues that he was denied his Sixth Amendment constitutional right to be present during trial. In support of his argument, Calderon contends that his behavior was not sufficiently disruptive to justify excluding him from the courtroom during the trial. Calderon's exclusion from the courtroom was consistent with the Seventh Circuit's ruling in *United States v. Benabe*, 654 F.3d 753 (7th Cir. 2011), which recognized "that, through [a] campaign of obstreperous interruptions and frivolous legal arguments, [a Defendant could] knowingly and voluntarily waive[] [his] right to be present a trial." *Id.* at 769. In an order dated April 25, 2012, the court indicated in a detailed statement the reasons that Calderon was excluded from the courtroom during the trial. Furthermore, the court instructed Calderon's counsel to advise him that the courtroom door remained open to Calderon if he, at any point during the proceedings, agreed to refrain from engaging in disruptive behavior during the trial. Given that this was a multi-defendant and potentially lengthy trial, the public interest clearly favored excluding Calderon from the courtroom upon his refusal to agree not to disrupt the proceedings. In addition, the court took measures to ensure that Calderon was not prejudiced by his exclusion from the courtroom due to his disruptive behavior, and the court arranged the setting up video equipment for Calderon to observe the entire trial. Further, during voir dire, the court instructed the potential jurors that one of the defendants was excused from the courtroom for reasons that had nothing to do with the merits of the case, and then the court inquired of potential jurors whether they could fairly and impartially evaluate the evidence relating to a defendant who was not present in the courtroom. The court then

excused any juror who indicated that he or she might have a bias against a defendant who was not present in the courtroom. In this case, after being given many opportunities to attend his trial, Calderon's own actions caused him to be excluded from the courtroom, and thus he knowingly and voluntarily waived his right to be present in the courtroom during the trial. Therefore, Calderon's absence from the courtroom was not a violation of his Sixth Amendment constitutional rights, nor does it provide any justification for a judgment of acquittal or a new trial.

III. Jury Instructions

Calderon argues that the court erred in giving jury instructions 33, 34, 54, and 16, and in failing to give Calderon's proposed jury instructions 1 and 2.

A. Jury Instructions 33 and 34

Calderon argues that jury instructions 33 and 34 were unnecessary and non-pattern instructions that facilitated a guilty verdict. In jury instruction 33, the court instructed the jury as follows:

> To establish the existence of the conspiracy charged in Count One of the superseding indictment, the Government need not establish an agreement which was express or formal.

In jury instruction 34, the court instructed the jury as follows:

> As to Count One, the Government need not prove that the Defendant knew each detail of the conspiracy, or that the Defendant played more than a minor role in the conspiracy. The Defendant need not have participated in all of the events of the charged conspiracy to be a member of that conspiracy.

Such instructions are consistent with the law. *See, e.g., United States v. Spagnola*, 623 F.3d 981, 987 (7th Cir. 2011); *United States v. Beaver*, 515 F.3d 730, 738 (7th Cir. 2008). Further, the instructions were relevant based on the evidence presented at trial. Thus, jury instructions 33 and 34 were appropriately given in this case. In addition, even if Calderon could show that jury instructions 33 and 34 should not have been given, Calderon has not shown that he was prejudiced and would have otherwise been acquitted. Thus, Calderon has not shown that he should be accorded a judgment of acquittal or a new trial based on the giving of jury instructions 33 and 34.

### B. Jury Instruction 54

Calderon argues that jury instruction 54 should not have been given. In jury instruction 54, the court instructed the jury as follows:

> Sometimes the Government utilizes undercover agents and undercover informants who may conceal their true identities in order to investigate suspected violations of the law. In the effort to detect violations of the law, it is sometimes necessary for the Government to use ruses, disguises, subterfuges and employ investigative techniques that deceive. It is not improper or illegal for the Government to use these techniques, which are a permissible and recognized means of

> criminal investigation.
>
> Whether or not you approve of the use of such investigative techniques to detect unlawful activities is not to enter into your deliberations in any way. If you are satisfied beyond a reasonable doubt that the Defendants committed the offenses charged in the superseding indictment, the fact that the Government made use of investigative techniques that deceive is not relevant to your determination.

Such an instruction was appropriate based on the evidence adduced at trial and Calderon's arguments relating to the propriety of the Government's investigation of the case against him. Under such circumstances, the giving of jury instruction 54 is entirely consistent with recent Seventh Circuit rulings. *See United States v. McKnight*, 665 F.3d 786, 794 (7th Cir. 2011)(holding that "the decision as to whether to give this particular instruction is especially within the province of the presiding trial judge, " and that "[t]here will be times when circumstances arising during trial will counsel in favor of giving such an instruction"); *see also United States v. McKnight*, 671 F.3d 664, 667 (7th Cir. 2012)(Posner, J., dissenting)(stating that a jury instruction regarding the Government's investigative techniques is appropriate if there is "any articulated reason, with some foundation in fact or theory, for believing that the jury might acquit a defendant whom it believed guilty, just because the government had used deceptive investigative techniques"). In addition, even if Calderon could show that jury instruction 54 should not have been given, Calderon has not shown that he was prejudiced and would have otherwise been

acquitted. Thus, Calderon has not shown that he should be accorded a judgment of acquittal or a new trial based on the giving of jury instruction 54.

C. Jury Instruction 16 and Calderon's Proposed Jury Instruction 1

Calderon argues that jury instruction 16 should not have been given, and that instead Calderon's proposed jury instruction 1 should have been given. In jury instruction 16, the court instructed the jury as follows:

> If you find any Defendant guilty in this case, it will then be my job to decide what punishment should be imposed. In considering the evidence and arguments that were presented to you during the trial, you should not guess about the punishment. It should not enter into your consideration or discussions at any time.

Calderon's proposed jury instruction 1 suggested that the jury be instructed, instead, as follows:

> The court advises the jury that if two conditions are met, namely, that: 1) defendant Ramon Calderon is convicted of Count One or Count Two . . . , and (2) the Court finds at their respective sentencing hearings that either or both of them are responsible for 5 kilograms or more of mixtures and substances containing cocaine, then the court will be required by law to sentence the defendant . . . to a mandatory minimum sentence of imprisonment of ten years.

Since evidence relating to the penalties faced by a defendant, if convicted, is not relevant to the jury's determination of a defendant's guilt or innocence, the court's decision not to give proposed jury instruction 1 and the court's giving of jury

instruction 16 was appropriate. *See United States v. Lewis,* 110 F.3d 417, 422 (7th Cir. 1997)(stating that "the practice of informing juries about the sentencing consequences of their verdicts is strongly disfavored"); *Shannon v. United States*, 512 U.S. 573, 579 (1994)(stating that a jury must "reach its verdict without regard to what sentence might be imposed" and that "[i]nformation about the consequences of a verdict are irrelevant to a jury's task"). In addition, even if Calderon could show that jury instruction 16 should not have been given, and that proposed jury instruction 1 should have been given instead, Calderon has not shown that the outcome of the case would have been different. Thus, Calderon has not shown that he should be accorded a judgment of acquittal or a new trial based on the giving of jury instruction 16 instead of proposed jury instruction 1.

      D.  Proposed Jury Instruction 2

Calderon argues that the court erred in not giving his proposed jury instruction 2. Calderon's proposed jury instruction 2 stated:

> A defendant's presence at the scene of a crime and knowledge that a crime is being committed is not alone sufficient to establish the defendant's guilt.
> A defendant's association with conspirators or persons involved in the criminal enterprise is not by itself sufficient to prove his participation or membership in a conspiracy or criminal enterprise.
> If a defendant performed acts that advanced a criminal activity but had no knowledge that a crime was being committed or was about to be committed, those acts alone are not sufficient to establish the defendant's guilt.

The evidence presented at trial established that Calderon was not present at the failed July 18, 2010 drug transaction, nor was proposed jury instruction 2 relevant based on Calderon's theory of the case. *See, e.g.*, *United States v. Robinson*, 96 F.3d 246, 251-52 (7th Cir. 1996). In addition, the court's other jury instructions clearly indicated that Calderon could not be found guilty unless the jury found that Calderon knowingly conspired or knowingly attempted to possess with intent to distribute the drugs at issue. Accordingly, the court found that proposed jury instruction 2 was not appropriate and that the giving of proposed jury instruction 2 would likely only confuse the jury. In addition, even if Calderon could show that proposed jury instruction 2 should have been given, Calderon has not shown that he was prejudiced and would have otherwise been acquitted. Thus, Calderon has not shown that he should be accorded a judgment of acquittal or a new trial based on the court's decision not to give proposed jury instruction 2.

IV. Admission of Firearm, Magazine, and Bullets

Calderon argues that the court erred in admitting into evidence the firearm, magazine, and bullets recovered from co-Defendant Jose Covarrubias' (Covarrubias) car after his arrest, since Covarrubias was not on trial with Calderon and since, according to Calderon, the probative value of such evidence was significantly outweighed by its prejudicial effect. The court notes that Covarrubias was scheduled

to be tried together with the other Defendants in this case, but on the eve of the trial, Covarrubias disappeared and was placed on the fugitive docket. Based on the evidence presented at trial and the arguments advanced by Calderon's co-Defendant, Francisco Arroyo (Arroyo), who was on trial with Calderon, the probative value of the firearm, magazine, and bullets was not substantially outweighed by their prejudicial effect. *See, e.g., United States v. Duran*, 407 F.3d 828, 838 (7th Cir. 2005). In addition, the firearm, magazine, and bullets were admitted into evidence only against Arroyo, and the court gave an appropriate limiting instruction to reflect that Calderon was not charged with any weapons offense and that the evidence relating to the firearm should only be considered to the extent that it was relevant to the charged offense against Arroyo. The court also instructed the jury that they must consider each Defendant's guilt or innocence independently. Based on the facts of this case and the jury instructions that were given, the court properly admitted the firearm, magazine, and bullets into evidence. In addition, even if Calderon could show that such evidence should not have been admitted, Calderon has not shown that he was prejudiced by the admission of such evidence and would have otherwise been acquitted. Thus, Calderon has not shown that he should be accorded a judgment of acquittal or a new trial based on the admission of the firearm, magazine, and bullets.

Finally, even considering all of Calderon's arguments in their totality, Calderon has not shown that he was prejudiced and would have otherwise been acquitted. Thus, Calderon has not shown that he should be accorded a judgment of

acquittal or a new trial. Based on the above, the motion for a judgment of acquittal and the motion for a new trial are denied.

## CONCLUSION

Based on the foregoing analysis, Calderon's motion for a judgment of acquittal and motion for a new trial are denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:　June 28, 2012